DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Russell J. Zupanic appeals, pro se, from the judgment entered against him in the Medina Municipal Court. We affirm.
On September 1, 1996, appellant Russell J. Zupanic was issued a citation for failing to stop at a red light in violation of R.C.4511.13(C). The case proceeded to trial in the Medina County Municipal Court on September 30, 1996. After hearing evidence in the case, the magistrate determined Zupanic had violated R.C.4511.13(C). The magistrate filed written findings of fact and conclusions of law to that effect on November 1, 1996. Zupanic made written objections to the magistrate's decision, but failed to file a transcript of the hearing with the trial court. Zupanic also appealed the magistrate's decision to this court and we dismissed the appeal for lack of a final appealable order. On March 24, 1997, the trial court adopted the magistrate's findings and conclusions. The trial court found Zupanic guilty of the offense charged, fined him fifty dollars and assessed two points to his driver's license. Zupanic then filed the instant appeal.
It is fundamental that the appellant bears the burden of affirmatively demonstrating error on appeal. Pennant Moldings,Inc. v. C J Trucking Co. (1983), 11 Ohio App.3d 248, 251. Zupanic's brief fails to set forth assignments of error as required by App.R. 16(A)(3). However, in the interests of justice, we interpret the following sections of his brief to serve as assignments of error:
 1) Defendant argues that the judge abused his discretion by failing to consider additional evidence where the defendant was able to show that he could not obtain earlier (sic) for the magistrates (sic) consideration.
 2) Defendant also argues that the judge abused his discretion by striking the defendants (sic) evidence from record but does not indicate basis for doing so.
We are unable to address Zupanic's "assignments of error" for several reasons. Zupanic's brief lacks an argument section "containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which the appellant relies[,]" as required by App.R. 16(A)(7). This court may summarily reject an appeal where the appellant fails to properly brief and argue his assignments of error in the manner required by the Appellate Rules. See Akron v. Adams (Oct. 29, 1997), Summit App. No. 18389, unreported; Contel Credit Corp. v. Rosenblatt
(1988), 43 Ohio App.3d 113. Furthermore, this court "may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based[.]" App.R. 12(A)(2). We note that Zupanic failed to file a transcript of the trial court proceedings with this court.
In light of the foregoing, we are unable to address any error assigned by Zupanic. Thus, the judgment of the Medina Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Medina, Medina Municipal Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _______________________________ JOHN W. REECE
FOR THE COURT
SLABY, P. J.
QUILLIN, J.
CONCUR.